IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| DEREK THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cr106 |
| | ) | 1:13cv737 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Derek Thomas's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Motion"). [Dkt. 46.] For the reasons set forth below, the Court will deny Petitioner's Motion.

**I. Background**

On or about August 31, 2011, law enforcement officers executed a search warrant at Petitioner's residence in Prince William County, Virginia. (Statement of Facts [Dkt. 29] at 2.) This warrant followed a lengthy narcotics investigation, during which police observed Petitioner selling drugs to numerous informants. (*Id.* at 1-2.) While searching Petitioner's bedroom, law enforcement officers recovered a plastic bag containing several grams of crack cocaine along with other

1

paraphernalia commonly used to manufacture drugs.  (*Id.* at 2.)
Officers also found two handguns hidden in a black duffel bag.
(*Id.*)  Petitioner was placed under arrest and charged with
conspiracy to distribute twenty-eight grams or more of cocaine
base, and possession of a firearm in furtherance of a drug
conspiracy.  (Indictment [Dkt. 15] at 1.)  Both counts carry a
mandatory minimum incarceration period of five years.  (Brehm
Aff. [Dkt. 56] ¶ 4.)

Kevin Braham, an Assistant Public Defender in the
Eastern District of Virginia, was appointed to represent
Petitioner on these charges.  (Brehm Aff. ¶ 3.)  Following plea
negotiations, the Government offered to amend the conspiracy
charge to remove the quantity of cocaine base, thereby
eliminating the mandatory minimum for this charge.  (*Id.* at ¶
10.)  In exchange, the Government insisted on a plea to the
firearms charge that still carried a five-year minimum sentence.
(*Id.*)  The overall effect of this plea offer was that Petitioner
would face a mandatory minimum of five years rather than ten
years if convicted on both charges in the original indictment.
(*Id.*)

After discussing all of his litigation options with
counsel, including trial, Petitioner opted to accept the plea
deal mentioned above.  (Brehm Aff. ¶¶ 11-12.)  On May 7, 2012,
Petitioner signed a formal plea agreement memorializing these

terms. (Plea Agreement [Dkt. 28] at 11.) Petitioner also signed a formal statement of facts, in which he admitted that on or about August 31, 2011, law enforcement officers found two firearms in his bedroom closet. (Statement of Facts at 2.) Petitioner further stipulated to possessing these firearms "in furtherance of the distribution of cocaine base." (*Id.*)

On May 10, 2012, Petitioner appeared before this Court and pled guilty to the above mentioned charges. (Plea Tr. [Dkt. 57] at 3:5-5:17.) During the ensuing plea colloquy, Petitioner affirmed that he had been given ample opportunity to consult with his attorney and that he was fully satisfied with the counsel, representation, and advice given. (*Id.* at 7:4-20.) The Court then reviewed with Petitioner the constitutional rights he was forfeiting by pleading guilty along with the facts alleged in the indictment. (*Id.* at 7:23-18:25.) Petitioner agreed with the Court's rendition of his conduct without objection. (*Id.* at 18:6-19:3.) At the conclusion of the hearing, the Court found Petitioner's plea knowing and voluntary. (*Id.* at 19:15-20.)

Petitioner appeared for sentencing on July 27, 2012. Following argument, the Court sentenced petitioner to forty months on the conspiracy charge and sixty months on the weapons charge. (Judgment [Dkt. 42] at 2.) Petitioner did not notice an appeal.

On June 17, 2013, Petitioner filed the instant motion to vacate alleging that trial counsel provided ineffective assistance. (Mot. to Vacate (as paginated by CM/ECF) at 1.) Petitioner specifically contends that his attorney unfittingly failed to: (1) investigate ownership of the firearms; and (2) file a motion to suppress. (Mot. to Vacate, Attach. at 1-2.) The merits of these allegations are addressed below.

## II. Standard of Review

A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 allows a prisoner to challenge the legality of his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of demonstrating his grounds for relief by a preponderance of the evidence. *See Hall v. United States,* 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

A motion brought under § 2255 is not intended to be a substitute for appeal. Claims regarding trial or sentencing errors that could have been, but were not, raised on direct appeal are procedurally barred from review under § 2255. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998).

4

Nevertheless, an exception applies for claims of ineffective assistance of counsel. *See United States v. Martinez,* 136 F.3d 972, 979 (4th Cir. 1998); *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." (citation omitted)).

Under the standard promulgated in *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th

Cir. 1978); *see also Strickland,* 466 U.S. at 687. Given it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689.

In assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691. A lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* at 690. Moreover, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

The second prong requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "A reasonable

6

probability is a probability sufficient to undermine confidence in the outcome." *Id*. The district court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III. Analysis

Petitioner's claims of ineffective assistance are addressed in turn, keeping in mind that he bears the burden of establishing both deficient performance and prejudice. *See Strickland*, 466 U.S. at 700.

<u>1. Firearms Investigation</u>

Petitioner first argues that counsel provided ineffective assistance by not investigating who owned the firearms found in his bedroom. (Mot. to Vacate, Attach. at 1.) According to Petitioner, a proper investigation would have revealed that "the firearms were not [his] and there was nothing linking him to the firearms." (*Id.*) As explained below, this argument is without merit.

Although trial counsel has a duty to make reasonable investigations, there are countless ways to provide effective assistance in any given case. *Harrington v. Richter,* __ U.S.

7

\_\_, 131 S. Ct. 770, 789 (2011) ("Rare are the situations in which the 'wide latitude counsel must have in making tactical decisions' will be limited to any one technique or approach." (citation omitted)). There comes a point where a defense attorney will reasonably decide that one strategy is in order, thus making other particular investigations unnecessary. *See Strickland,* 466 U.S. at 691. Thus, as a general matter, the decision not to explore certain aspects is questioned only when counsel fails to conduct any pretrial investigation. *See United States v. Gray,* 878 F.2d 702, 711 (3d Cir. 1989) (citing cases).

In this case, Petitioner is unable to demonstrate that counsel's alleged failure to investigate constitutes deficient performance. At the time of Petitioner's guilty plea, there was copious unrefuted evidence supporting his ownership of the firearms. (*See* Resp't Opp'n [Dkt. 58] at 9.) An affidavit prepared by the FBI indicated that the firearms were concealed in a black duffel bag inside Petitioner's closet. (Brehm Aff. ¶¶ 8-9.) A witness later identified the bag as belonging to Petitioner. (*Id.* at ¶ 8.) Despite reviewing this affidavit, Petitioner never put forth any contradictory evidence, nor offered a competing theory of ownership. (*Id.* at ¶¶ 8-9.) Accordingly, it was perfectly reasonable for counsel to forego a comprehensive investigation and recommend a guilty plea. Indeed, Petitioner is the paradigm of "a defendant [who] has

given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful." *Strickland*, 466 U.S. at 691; *see also Clark v. Mazurkiewicz*, No. 2:12-213, 2013 WL 357472, at *17 (W.D. Pa. Jan. 3, 2013) ("Failure to conduct a more intensive investigation in the absence of any indication that such investigation would develop more than was already known is simply not ineffectiveness."), *report and recommendation adopted by*, 2013 WL 357237 (W.D. Pa. Jan. 29, 2013).

Because Petitioner cannot substantiate deficient performance, this Court need not reach the issue of prejudice in dismissing this claim. *See Strickland,* 466 U.S. at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.").

### 2. Motion to Suppress

As for his second claim, Petitioner contends that counsel was ineffective for failing to file a motion to suppress the evidence found at his residence. (Mot. to Vacate, Attach. at 2.) This argument, however, is flatly contradicted by the record, which provides that counsel filed a timely motion to suppress on April 27, 2012. (Mot. to Suppress [Dkt. 20] at 1.) Petitioner could have continued to pursue this relief, yet he chose to plead guilty. Accordingly, this claim fails. *See*

9

*Jackson v. United States,* 638 F. Supp. 2d 514, 530 (W.D.N.C. 2009) ("[A]llegations which are contradicted by the record do not warrant relief[.]" (citation omitted)); *see also Ecker v. United States*, No. 1:11cv1006 (LMB), 2012 WL 6214356, at *7 (E.D. Va. Dec. 12, 2012) (rejecting petitioner's ineffective assistance claim on grounds that the record refuted his arguments).

In sum, Petitioner has failed to meet his burden as to either of his claims of ineffective assistance. The record reflects that counsel competently, adequately, and fully represented Petitioner throughout all stages of his criminal proceeding. Consequently, Petitioner is not entitled to relief on these charges.[1]

---

[1] Although not raised as a separate ground for relief, Petitioner also appears to suggest that his guilty plea was not made willfully. (Mot. to Vacate, Attach. at 1 ("[I] didn't want to enter a plea of guilty on the firearms.").) While Petitioner may now regret his decision to plead guilty, the Court agrees with the Government that this allegation is belied by the plea colloquy. As previously summarized, the Court asked Petitioner numerous questions at the plea hearing to ensure that his plea was made freely and voluntarily and with a full understanding of the charges. Petitioner affirmed his guilt under oath and stated that he was fully satisfied with counsel and the advice given. Petitioner has not offered any evidence that would undermine these sworn statements regarding the voluntariness of his guilty plea or the sufficiency of counsel's representation. Consequently, Petitioner is bound by these declarations, and his current allegations to the contrary must be rejected. *See Fields v. Attorney Gen. of Md.,* 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy."); *see also United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances . . ., allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)).

## IV. Conclusion

For the foregoing reasons, the Court will dismiss Petitioner's Motion. An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 16, 2014 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |